UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

            Plaintiff,

- against -

GRACE EPISCOPAL CHURCH OF
WHITESTONE, INC. and THE EPISCOPAL
DIOCESE OF LONG ISLAND,

            Defendants.
------------------------------------------------x

06 5302

*ECF CASE*

KORMAN, CH. J.

Civil Action No. 06-cv-

WALL, M.J.

**COMPLAINT**

**JURY TRIAL DEMANDED**

FILED
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 28 2006 ★
BROOKLYN OFFICE

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Mildred Spencer and a class of similarly situated female employees affected by such unlawful practices. As alleged with greater specificity below, the Equal Employment Opportunity Commission charges that Spencer and other similarly situated female employees were sexually harassed by Defendants at Grace Episcopal Church during the time period from approximately July 2001 through approximately February 2004, and that Defendants unlawfully retaliated against Spencer and terminated her employment when she objected to the sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Grace Episcopal Church of Whitestone, Inc. is and has been a domestic religious corporation under the laws of the State of New York, has continuously been doing business in the State of New York, City of New York, County of Queens, located at 151-17 14th Road, Whitestone, Queens, New York, and is a parish of Defendant The Episcopal Diocese of Long Island, and has continuously had at least 15 employees.

5. At all relevant times, Defendant The Episcopal Diocese of Long Island is and has been a voluntary association of churches, including Defendant Grace Episcopal Church of Whitestone, Inc., which abide by the Canons and Constitution of the Episcopal Church, has continuously been doing business in the State of New York, in the City of New York in the County of Queens, and in the Counties of Kings, Nassau and Suffolk, with its headquarters located in Garden City, Nassau County, Queens, and has continuously had at least 15 employees.

6. At all relevant times, Defendant Grace Episcopal Church of Whitestone, Inc. has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7.  At all relevant times, Defendant The Episcopal Diocese of Long Island has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8.  More than thirty days prior to the institution of this lawsuit, Mildred Spencer filed a charge with the Commission alleging violations of Title VII by Defendants Grace Episcopal Church of Whitestone, Inc. and The Episcopal Diocese of Long Island. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.  During the time period from approximately July 2001 through approximately February 2004, Defendants engaged in unlawful employment practices in violation of Section 703, 704 and 706 of Title VII, 42 U.S.C. § 2000e-2, -3 and -5. These practices have included, but are not limited to, the following:

   a.  Defendants subjected Mildred Spencer to sexual harassment by her supervisor, Defendants' Rector at Grace Episcopal Church of Whitestone, who grabbed Mildred Spencer, touched her breast and tried to kiss her, and then took a tangible employment action and terminated Mildred Spencer's employment after she rebuffed his sexual harassment;

   b.  Defendants created and maintained a sexually hostile work environment for Mildred Spencer and subjected her to severe or pervasive sexual harassment by her supervisor, Defendants' Rector at Grace Episcopal Church of Whitestone, including but not limited to making numerous unwelcome, off-color, sexual remarks to Mildred Spencer, telling her that she looked sexy when she changed her hairstyle, commenting on her

3

shape, and making other inappropriate sexual remarks to her, and on one occasion, grabbing her, touching her breast and trying to kiss her;

c. Defendants created and maintained a sexually hostile work environment for female employees other than Mildred Spencer at Grace Episcopal Church of Whitestone and subjected such female employees to severe or pervasive sexual harassment by their supervisor, Defendants' Rector at Grace Episcopal Church of Whitestone, including but not limited to making numerous unwelcome, dirty, crude and sexual jokes and comments to them or in their presence and inappropriately touching, kissing, or attempting to touch or kiss such female employees;

d. Defendants failed to prevent or remedy the hostile work environment.

10. The effect of the practices complained of above has been to deprive Mildred Spencer and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mildred Spencer and other similarly situated female employees.

**PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex.

B.   Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of their past and present unlawful employment practices.

C.   Order Defendants to make whole Mildred Spencer by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to, front pay and reinstatement.

D.   Order Defendants to make whole Mildred Spencer and other similarly situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.   Order Defendants to make whole Mildred Spencer and other similarly situated female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

F.   Order Defendants to pay Mildred Spencer and other similarly situated female employees punitive damages for Defendants' malicious and reckless conduct described above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: New York, New York
September 28, 2006

                          EQUAL EMPLOYMENT OPPORTUNITY
                          COMMISSION

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION
1801 L Street, N.W.
Washington, D.C.   20507

_____
Elizabeth Grossman
Regional Attorney

_____
Judy Keenan (JAK-3083)
Acting Supervisory Trial Attorney

_____
Robert D. Rose  (RDR-9174)
Senior Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, N.Y.  10004
(212) 336-3708
robert.rose@eeoc.gov

6